UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DAVID LOMANTO,

       Plaintiff,

   v.

VINCENT SERA, et al.,

       Defendants.

Civil Action No. 1:22-cv-6609

**MEMORANDUM ORDER**

**O'HEARN, District Judge.**

    **THIS MATTER** comes before the Court by way of *pro se* Plaintiff David LoManto's complaint and request to proceed *in forma pauperis* (Compl., ECF No. 1). Plaintiff has established his financial eligibility to proceed *in forma pauperis* without prepayment of fees and costs under 28 U.S.C. § 1915(a) considering his limited fixed income. Plaintiff appears to assert a *Monell* claim and violations of 42 U.S.C. § 1983 against the Township of Brigantine Beach, Brigantine Police Department, Brigantine Fire Department, Brigantine Emergency Medical Technicians ("EMTs"), and individual Defendants Vincent Sera, James Bennett, Richard Casamento, Thomas Wodazak, William Hoffman, Steven Ward, Richard DeLeon, Michael Finan, George O'Donoghue, John Glasser, Matthew Minutolo, Lynn Sweeny, Mollyn O'Neil, Karen Blowers, Ryan Hurst, Dawn Gottardi, Matthew Doran, Jack Murray, John Doring, and an unknown Dispatcher (collectively, "Defendants"). (Compl., ECF No. 1 at 5).

    However, pursuant to § 1915(e)(2), courts must dismiss a complaint, or any portion thereof, brought by a plaintiff proceeding *in forma pauperis* that is (i) frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief from a

defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The Court must also dismiss a complaint when it lacks subject matter jurisdiction over the asserted claims. *See* FED. R. CIV. P. 12(h)(3).

When evaluating a claim under § 1915(e)(2), the Court applies the same standard that governs a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *E.g.*, *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts construe *pro se* plaintiffs' submissions liberally and hold them to a less stringent standard that those filed by attorneys, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), but "pro se litigants must allege sufficient facts in their complaint to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2019).

Plaintiff alleges he was assaulted at Brigantine City Hall and was denied medical treatment by the "police, Brigantine Fire Department, and EMTs" on November 10, 2020. (ECF No. 1 at 3). More specifically, Plaintiff alleges he was "slammed against a file cabinet," his "kidneys were pushed against [sic] cabinet and [his] wrist was twisted and [he] was denied medical attention by" Defendants Sargent Richard DeLeon, Sargent Michael Finan, and Captain William Hoffman. (Compl., ECF No. 1 at 3). He further alleges DeLeon, Finan, Hoffman, and Lieutenant Steven Ward, wrote "falsified police reports, claims, [and] charges." (Compl., ECF No. 1 at 3). Regarding his injuries from this alleged incident, Plaintiff alleges his "kidneys started to shut down" and that he is "now on dialysis three times a week." (Compl., ECF No. 1 at

4). Additionally, Plaintiff alleges he was in an arm sling for eight weeks because of his wrist injury, that he has a hard time walking and shifting positions in bed, and that he is now afraid of the police, fire department, and EMTs. (Compl., ECF No. 1 at 4).

On review of Plaintiff's Complaint, the Court finds that Plaintiff can proceed on his claim of excessive force against DeLeon, Finan, and Hoffman only. All other claims, against all other Defendants, are dismissed without prejudice for failure to state a claim.

I. 42 U.S.C. § 1983

To state a claim for relief under § 1983, Plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and that the constitutional deprivation was caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1998); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Plaintiff appears to allege violations of the Fourth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution. (Compl., ECF No. 1 at 2).

As an initial matter, while Plaintiff names several individuals as Defendants in this action, he only makes substantive allegations against Richard DeLeon, Michael Finan, William Hoffman, Steven Ward, and James Bennett. (Compl., ECF. No. 1 at 3–4). As there are no allegations whatsoever in Plaintiff's Complaint involving Richard Casamento, Thomas Wodazak, George O'Donoghue, John Glasser, Matthew Minutolo, Lynn Sweeny, Dawn Gottardi, Matthew Doran, Jack Murray, and John Doring, Plaintiff's Complaint as to these individual Defendants is dismissed without prejudice. Similarly, Plaintiff's sole allegation involving Karen Blowers and Mollyn O'Neil is that they merely informed Plaintiff that Vincent Sera and Ryan Hurst were not in City Hall on the day of the alleged incident. (Compl., ECF No. 1-2 at 1). This simply does not support any plausible cause of action against either Blowers or O'Neil, and thus the Complaint is

also dismissed without prejudice as to them. Similarly, Plaintiff's sole allegation against unknown dispatcher #125 is that James Bennett called this dispatcher when Plaintiff was at City Hall. (Compl., ECF No. 1 at 3). The claims against the dispatcher should too be dismissed without prejudice as this sole allegation does not make out any claim. Finally, given Plaintiff's admission that both Sera and Hurst were not even in City Hall on the day of the alleged incident, (Compl., ECF No. 1-2 at 1), the Complaint is also dismissed without prejudice as to them.

Additionally, § 1983 imposes liability only on "persons" who deprive others of the rights, privileges, and immunities secured by the Constitution. *See Mawson v. Court of Common Pleas of Luzerne Cnty., PA*, 229 F. App'x 185, 186 (3d Cir. 2007) (citing 42 U.S.C. § 1983). While local governmental units may constitute "persons" under § 1983, a governmental sub-unit, like a city police department, is not distinct from the municipality of which it is a part. *Jackson v. City of Erie Police Dep't*, 570 F. App'x 112, 114 n.2 (3d Cir. 2014). The Brigantine Police Department, Brigantine Fire Department, and Brigantine EMTs, thus, must be dismissed because they are governmental sub-units.

As to the remaining Defendants, DeLeon, Finan, Hoffman, Ward, and Bennett, the Court construes the Complaint to assert claims of excessive force and false arrest under the Fourth Amendment. "Claims that law enforcement officers have used excessive force . . . in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard." *Graham v. Connor*, 490 U.S. 386, 395 (1989). Thus, "[t]o state a claim for excessive force as an unreasonable seizure under the Fourth Amendment, a plaintiff must show that a 'seizure' occurred and that it was unreasonable." *Kopec v. Tate*, 361 F.3d 772, 776 (3d Cir. 2004) (citation omitted). "Use of excessive force, however, 'is itself an unlawful seizure under the Fourth Amendment.'" *Madsen v. Washington Twp.*

4

*Police*, No. 20-2395, 2021 WL 3932056, at *6 (D.N.J. Sept. 2, 2021) (quoting Couden *v. Duffy*, 446 F.3d 483, 496 (3d Cir. 2006)). The reasonableness of the officer's use of force is measured by "careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396; see *Ferrara v. Piazza*, No. 22-3031, 2022 WL 16540671, at *7 (E.D. Pa. Oct. 28, 2022) (allowing excessive force claim to proceed on review of claim on IFP application given allegation that the parole officer threw Ferrara against a wall, which resulted in significant injury to his eye); *White v. Officer Nice Newark Police Division*, No. 22-684 , 2022 WL 788881, at *2 (D.N.J. Mar. 14, 2022) (finding, in IFP application, that the plaintiff could proceed on excessive force claim based on allegation that during arrest on a drug court warrant, officers "beat[ ] and injured" the plaintiff); *Harvey v. Czplinski*, No. 16-8181, 2016 WL 7436052, at *2–3 (D.N.J. Dec. 22, 2016) (allowing excessive force claim to proceed on review of IFP application based on allegations that the plaintiff was handcuffed and a gun was pointed at him when he was beaten by the officers).

Plaintiff alleges that he was assaulted by DeLeon, Finan, and Hoffman, at City Hall while he was there to speak with the Mayor of Brigantine. (Compl., ECF No. 1 at 3). He claims he was slammed against a file cabinet, his "kidneys were pushed against [the] cabinet and [his] wrist was twisted" causing him to be in an arm sling for weeks and to now require dialysis. (Compl., ECF No. 1 at 3). Accepting these allegations as true, as the Court must do at this early stage, Plaintiff may proceed with his claim of excessive force against DeLeon, Finan, and Hoffman. However, as Plaintiff makes no allegations against Ward regarding the use of excessive force, to

the extent Plaintiff states a claim of excessive force against Ward, that claim is dismissed without prejudice.

The elements of a false-arrest claim are (1) that an arrest occurred; and (2) that the arrest was made without probable cause. *Madsen v. Washington Twp. Police*, No. 20-2395, 2021 WL 3932056, at *5 (D.N.J. Sept. 2, 2021) (citing *See Groman v. Twp. of Manalapan*, 47 F.3d 628, 634 (3d Cir. 1995)). Here, Plaintiff provides no facts as to his arrest, the charges brought against him, or the outcome on those charges. He only broadly alleges that he learned after the City Hall incident that he was "supposedly arrested, falsely charged, falsely reported, falsely arrested, never read [his] Miranda rights, never taken into custody, false witnesses and false claims and statements were made against me" and then asks the Court to "dismiss all charges against [him] for lack of prosecution." (Compl., ECF No. 1-2 at 2, 3). To state a claim for relief, Plaintiff must provide sufficient factual allegations to suggest that DeLeon, Finan, Hoffman, and Ward, lacked probable cause to arrest him. *See Iqbal*, 556 U.S. at 678. Plaintiff has not done so. Because Plaintiff has not provided any facts on which the Court can evaluate a claim of false arrest, the Court will dismiss this claim without prejudice. Accordingly, to the extent Plaintiff alleges a false arrest claim as to Deleon, Finan, Hoffman, and Ward, those claims are dismissed without prejudice.

To the extent that Plaintiff raises claims under the Sixth, Eighth, and Fourteenth Amendment, those claims are dismissed without prejudice as to all Defendants. Not only does Plaintiff not specify what rights were violated under these Amendments but Plaintiff does not state with any specificity the criminal charges, if any, brought against him, the criminal proceeding, or the outcome of those charges. Plaintiff simply has not provided sufficient allegations for the Court to evaluate what, if any, rights were potentially violated under these Amendments.

Finally, any claim against Bennett, the Brigantine City Manager, is dismissed without prejudice. To state a § 1983 claim against a supervisor, Plaintiff must allege facts establishing that the supervisor "participated in violating the plaintiffs' rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations." *Santiago v. Warminster Twp.*, 629 F.3d 121, 129 (3d Cir. 2010) (quoting *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004)). Plaintiff did not allege Bennett participated in the alleged assault or directed any of the alleged participants to violate Plaintiff's rights in any way. Plaintiff, here, did not plead sufficient facts to establish Bennett's liability. Thus, any claims brought against Bennett are dismissed without prejudice.

## II.    *Monell* Claims

The Court will also dismiss without prejudice the claims against the City of Brigantine. Municipal liability under § 1983 must be based on allegations that the government itself supported a violation of constitutional rights. *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). Municipal liability exists where execution of the municipality's policy or custom inflict the injury. *Id.* at 694. When a plaintiff brings a claim under *Monell* against a municipality, the specific offending custom, policy, or practice must be pleaded in the complaint. *See McTernan v. City of York*, 564 F.3d 636, 638 (3d Cir. 2009) ("To satisfy the pleading standard, [a plaintiff] must identify a custom or policy and specify what exactly that custom or policy was.") (citing *Philips v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008)). Additionally, a plaintiff "must also allege that the policy or custom was the proximate cause of his injuries . . . by demonstrating an affirmative link between the policy or custom and the particular constitutional violation he alleges." *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (internal quotations marks and citations omitted). At the pleading stage, this generally

requires some facts that tend to show that policymakers were aware of similar unlawful conduct in the past, but failed to take precautions against future violations, and that this failure, at least in part, led to the injuries in question. *See id.* Here, there are no facts to suggest that a specific policy or custom or that the failure to train and/or supervise caused Plaintiff's alleged harms whatsoever. As such, the *Monell* claims against Brigantine are also dismissed without prejudice.

**ORDERED** that Plaintiff's application to proceed *in forma pauperis*, (ECF No. 1-1), is **GRANTED**, and the Complaint, (ECF No. 1), is **DISMISSED WITHOUT PREJUDICE IN PART** under 28 U.S.C. § 1915(e)(2) for failure to state a claim on which relief may be granted, as to all Defendants and all claims other than Plaintiff's excessive force claim against DeLeon, Finan, and Hoffman, on which Plaintiff may proceed.

*/s/ Christine P. O'Hearn*
CHRISTINE P. O'HEARN
United States District Judge